UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CALVIN HICKERSON, SR., and OBERDELL HICKERSON, Plaintiffs, | § § § § |
| v. | § CIVIL ACTION NO. 08-CV-1515 |
| V.A.R.O., VA MEDICAL CENTER, UNITED STATES OF AMERICA, and DEPARTMENT OF VETERANS AFFAIRS, Defendants. | § § § § § § |

## MEMORANDUM & ORDER

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint. (Doc. No. 26.) For the following reasons, Defendants' Motion must be granted.

### I. BACKGROUND

This is a civil rights and Federal Tort Claim Act suit.[1] (Doc. No. 1, Pls. Compl.) Pro se Plaintiffs Calvin Hickerson, Sr. and Oberdell Hickson provide no consolidated statement of facts, but attach to their Complaint a letter from the National Personnel Records Center of the National Archives and Records Administration and a Rating Decision that appears to issue from the military. The letter explains that Plaintiff Calvin Hickerson, Sr. is not permitted to receive another set of his medals, but discusses several medals he received and several more for which he is eligible. Because the only claims for relief explicitly noted in the Complaint are an unspecified civil rights claim and a Federal Torts Claim Act claim, the Court will address only these.

---

[1] Plaintiffs have filed an Amended Complaint (Doc. No. 3), but it appears to be an addendum certifying that all of the information in the original Complaint is true and correct to the best of Plaintiffs' knowledge.

1

The Court notes that the following facts do not appear in Plaintiffs' Complaint, but adds them here to provide some context for its decision to limit its discussion to the Federal Torts Claims Act and Title VII. In a Response to Defendants' Motion to Dismiss, Plaintiff Calvin Hickerson, Sr., explains that this action stems from allegations of medical malpractice arising from treatment at a V.A. Medical Center, possibly in Houston. He contends: "I have been refused Epilepsy Seizure Disorder Medications PTSD Post Traumatic Stress Disorder Medication's Treatment. I was Locked up in and [sic] Prison Cell in V.A. Medical Center with no toilet no facebowl and a filthy sheet not blanket to cover up with for 2 to 3 days. This Civil Rights Suit is not and has never been about VA Veteran Compensation." (Doc. No. 28, Pl. Resp. at 7.) (punctuation as in original) At another point in his response, Plaintiff Calvin Hickerson, Sr., explains that "my civil rights citizen civil rights. has been violated by V.A. Regional Office's Employee's and V.A. Medical Center's Employee's commit Medical Malpractice." (Doc. No. 28, Pl. Resp. at 8.) Plaintiffs Response includes a citation to 38 C.F.R. § 14.605 governing "suits against department of veterans affairs, employees arising out of a wrongful act or omission or, based upon medical care and treatment furnished in or for the Veterans Health Administration." (*Id.*) Plaintiff also contends that a nurse, Miss Flowers, ensured that he would not receive more epilepsy medication even if he was sick. He claims that he was discriminated against because he is an "African [Indian] American Citizen" and a disabled veteran. (*Id.* at 9.) Defendants now move to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction and for failure to state a claim.

## II.   MOTION TO DISMISS

### A.   Motion to Dismiss Standard

1.   **12(b)(1) Standard**

The court must dismiss a case when the plaintiff fails to establish subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151. "[U]nder Rule 12(b)(1), the court may find a plausible set of facts supporting subject matter jurisdiction by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Castro v. U.S.*, 560 F.3d 381, 386 (5th Cir. 2009) (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (internal citations omitted)).

2. **12(b)(6) Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (2008). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for

entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Although the Court generally considers a motion to dismiss for failure to state a claim based on the face of the Complaint, the Court may also take notice of matters of public record when considering a 12(b)(6) motion. *See Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994).

## III. FEDERAL TORT CLAIMS ACT

Defendants contend that Plaintiffs do not successfully allege a claim arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, because Plaintiffs have failed to exhaust their administrative remedies as required under the FTCA.

### A. Standard

"Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity." *U.S. v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (internal citations omitted). "The FTCA authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." *Hannah v. U.S.*, 523 F.3d 597, 601 (5th Cir. 2008) (citing 28 U.S.C. §§ 1346(b)(1), 2674). The United States, and not the responsible agency or employee, is the proper defendant in an FTCA case. *Galvin v. Occupational Safety & Health Admin*, 860 F.2d 181, 183 (5th Cir. 1988) (dismissing a complaint against a federal agency or employee under the FTCA for lack of jurisdiction).

State law controls liability for medical malpractice under the FTCA. *Hannah v. U.S.*, 523 F.3d at 601 (citing *Ayers v. United States,* 750 F.2d 449, 452 n. 1 (5th Cir. 1985)). Under Texas law, in a medical malpractice action, the plaintiff bears the burden of proving (1) the physician's duty to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) causation. *Quijano v. United States,* 325 F.3d 564, 567 (5th Cir. 2003) (internal citations omitted). The plaintiff must establish the standard of care as a threshold issue before the factfinder may consider whether the defendant breached that standard of care to the extent it constituted negligence. *Id.*

The FTCA requires a plaintiff to present his tort claims first to the appropriate federal agency. 28 U.S.C. § 2675; *Izen v. Catalina*, 398 F.3d 363, 367 (5th Cir. 2005). The claim must be presented to the agency "within two years after such claim accrues." 28 U.S.C. § 2401(b); *United States v. Kubrick*, 444 U.S. 111, 113 (1979); *Johnson v. U.S.*, 460 F.3d 616, 621 (5th Cir. 2006). Under *Kubrick*, the time for filing starts to run when the plaintiff has the information necessary to discover "both his injury and its cause." *Kubrick*, 444 U.S. at 120; *Johnson v. U.S.*, 460 F.3d at 621. A plaintiff's suit must be dismissed as premature if he has failed to exhaust his administrative remedies. 28 U.S.C. § 2675; *Ergorov Puchinsky, Afanasiev & Juring v. Terriberry, Carroll & Yancey*, 183 F.3d 453, 457 (5th Cir. 1999); *Price v. U.S.*, 81 F.3d 520, 521 (5th Cir. 1996) (dismissing for lack of subject matter jurisdiction); *Montoya v. U.S.*, 841 F.2d 102, 105 (5th Cir. 1988). These procedures apply to tort suits against the Department of Veterans Affairs employees arising out of a wrongful act or omission or based upon medical care and treatment furnished in or for the Veterans Health Administration, unless the suit is

for compensation or other benefits (for which other procedures are prescribed). *See* 38 U.S.C. § 7316; 38 C.F.R. § 14.605(a)(1)-(2).

### B. Analysis

Plaintiffs do not plead that they have exhausted their claims through the relevant administrative agency. Defendants present an affidavit from Andree Boudreaux, Regional Counsel of the VA in Houston, Texas, that Plaintiffs have not complied with the mandatory administrative exhaustion requirement. (Andree Boudreaux Aff., Doc. No. 26, Ex. 1.) In their Response, Plaintiff Calvin Hickerson alleges that "I have been exhausted all V.A. Administrative Remedies." (Doc. No. 28, at 9.) It is unclear what remedies Plaintiffs claim to have exhausted. They do not contend that they exhausted their remedies pursuant to the FTCA.

The Court therefore has no subject matter jurisdiction over Plaintiffs' FTCA claims. In addition, because the proper defendant in an FTCA case is the United States, to the extent Plaintiffs attempt to allege an FTCA claim against the other Defendants, the Court must also dismiss these claims for lack of subject matter jurisdiction. Plaintiffs' claims against the United States arising out of the FTCA must be dismissed to allow Mr. Hickerson to pursue his administrative remedies before the appropriate federal agency.

## IV. TITLE VII CIVIL RIGHTS CLAIMS

Title VII, as extended by Congress to the federal sector, constitutes another area for which the Government has waived its sovereign immunity. *See Loeffler v. Frank*, 486 U.S. 549, 559 (1988). Defendants contend that, to the extent Plaintiffs intend to pursue a Title VII cause of action, these claims must be dismissed for failure to exhaust administrative remedies. 29 C.F.R. § 1614.105(a); *Fitzgerald v. Sec'y, U.S. Dep't*

*Veterans Affairs*, 121 F.3d 203, 206 (5th Cir. 1997); *Pacheco v. Mineta*, 448 F.3d 783, 788 & n.7 (5th Cir. 2006) (explaining that the Fifth Circuit is split over whether administrative exhaustion is a prerequisite to suit or a requirement that implicates subject matter jurisdiction).

The Court agrees. It is not at all clear that Plaintiffs intend to pursue a Title VII claim as they only refer to a general "civil rights violation." But, if they do, Plaintiffs do not plead that they have exhausted their Title VII claims through the relevant administrative agency or attach their agency charge or right to sue letter to their Complaint. Plaintiffs' claims arising out Title VII must be dismissed to allow them to pursue their administrative remedies before the appropriate federal agency.

## V. VA BENEFIT DETERMINATIONS

Defendants contend that, had Plaintiffs raised a claim regarding benefit determinations or a review thereof, this claim would also be barred because, *inter alia*, Plaintiffs did not file this claim in proper court. Plaintiff Calvin Hickerson states no claim arising out of an issue with his VA benefit determinations.[2] Specifically, in his Response, Plaintiff Calvin Hickerson contends that he is not questioning a VA benefit determination. (Doc. No. 28, at 9, 10.) To the extent Plaintiffs, however, that Plaintiffs at one point and/or in earlier litigation, wanted to contest benefit determinations, they appear to have waived the opportunity.

## VI. CONCLUSION

As Plaintiffs have stated no cognizable cause of action against any of the named Defendants, Plaintiffs' Complaint is hereby **DISMISSED WITHOUT PREJUDICE** to

---

[2] Plaintiffs filed several documents docketed as "statement in support of claim." Should Plaintiffs have desired to amend their Complaint to add other claims, they could have so moved the Court. FED. R. CIV. P. 15(a). They did not.

allow Plaintiffs to pursue their FTCA claims against the United States through the appropriate administrative agency.

**IT IS SO ORDERED.**

**SIGNED** this 11th day of May, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE